IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EBONY LADAWN BARNES, | * |
| Plaintiff, | * |
| v. | * Civil Case No. SAG-22-3347 |
| EXPERIAN INFORMATION SOLUTIONS, INC., | * |
| Defendant. | * |

**MEMORANDUM OPINION**

Plaintiff Ebony Barnes ("Plaintiff"), who is self-represented, has filed a First Amended Complaint ("FAC") against Experian Information Solutions, Inc., a credit reporting agency, alleging a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. ECF 19. Experian has moved to dismiss the FAC. ECF 20. This Court has reviewed the motion, along with the opposition and reply. ECF 22, 23. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Experian's motion will be granted.

I.   **FACTUAL BACKGROUND**

The facts contained herein are derived from the FAC and are deemed to be true for the purposes of this motion. Experian, a consumer reporting agency, "is collecting, storing, and disseminating personal nonpublic financial information regarding an account with OpenSky." ECF 19 ¶¶ 9, 16. Plaintiff has not given Experian her "permission, authorization, or consent" to maintain or disseminate her credit information. *Id.* ¶ 21. Plaintiff alleges that she has suffered damages including "harm to [her] reputation and mental anguish" as a result of Experian's conduct. *Id.* ¶ 28.

## II.     LEGAL STANDARD

Experian has filed a motion to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6). ECF 20. A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g., In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015).

Because Plaintiff is self-represented, her pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank*, N.A., No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot

ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because she is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III.   ANALYSIS

Plaintiff's FAC alleges that Experian violated 15 U.S.C. § 1681, without specifying any particular provision of that statute. Section 1681 has thirty subsections, and Plaintiff's FAC therefore fails to give adequate notice of the provision she alleges was infringed and the facts supporting her claim. Plaintiff appears to suggest that Experian violated Section 1681b, but the FAC contains no factual allegations setting forth any instance in which Experian furnished Plaintiff's credit report to anyone. While Plaintiff alleges that credit information can only be collected, stored, or disseminated with her permission, authorization, or consent, that is not an accurate summary of 15 U.S.C. § 1681b. The statute in fact allows credit reports to be maintained and furnished by credit reporting agencies in a wide variety of other circumstances, including, but not limited to, a person whom the credit reporting agency has reason to believe intends to use the information in connection with a credit transaction involving Plaintiff, a person who intends to use the information for employment purposes or insurance underwriting, or simply otherwise has a legitimate business need for Plaintiff's credit information. *Id.* Here, Plaintiff has not alleged any specific instances in which Experian furnished her credit information to someone else. In the

absence of such factual allegations, this Court cannot ascertain whether the credit report was maintained and disseminated in circumstances permitted by 15 U.S.C. § 1681b, and Plaintiff has not stated a plausible claim for relief.[1]

Plaintiff's FAC adds a second count for "negligence and fraud." Negligence claims are expressly preempted by Section 1681h(e) of the FCRA, which provides that "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency." In addition, any claim for fraud must meet Rule 9(b)'s heightened pleading standard, which requires that "a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Under this rule, a claim that sounds in fraud "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Nathan v. Takeda Pharms. N.A., Inc.*, 707 F.3d 451, 455–56 (4th Cir. 2013). As the Fourth Circuit has held, Rule 9(b) requires the plaintiff to plead "the who, what, when, where, and how of the alleged fraud" to survive a motion to dismiss. *United States ex rel. Wilson v. Kellogg Brown & Root*, 525 F.3d 370, 379 (4th Cir. 2008) (internal quotation marks omitted). Plaintiff's FAC simply avers, "Experian Information Systems Inc. fraudulently misrepresents the fact that they are a business/corporation in which a person can decide and choose not to do business with." ECF 19 ¶ 25. Plaintiff has not pleaded who made that statement or where or when it was made in sufficient detail to meet the requirements of Rule 9(b).

---

[1] In fact, from her opposition to the original motion to dismiss, it appears that Plaintiff logged into her own account and printed copies of her consumer credit report, rather than obtaining the information from another person or entity who had been furnished the report by Experian. ECF 14 at 3 ¶ 11.

## IV. CONCLUSION

For the reasons set forth above, Experian's Motion to Dismiss, ECF 20, will be GRANTED.  This case will be closed. A separate Order follows.


Dated:  October 13, 2023                                      /s/
                                                    Stephanie A. Gallagher
                                                    United States District Judge